IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| WIL A. VICKERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number: |
| ) | _____ |
| REMINGTON ARMS COMPANY, ) | |
| INC., a Delaware corporation; ) | **Jury Trial Demanded** |
| WAL-MART STORES, INC., ) | |
| a Delaware corporation, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### PARTIES

1. WIL A. VICKERY ("VICKERY") is an individual over the age of nineteen (19) years and resides in Louisa County, Virginia.

2. REMINGTON ARMS COMPANY, INC. ("REMINGTON") is a Delaware corporation, which has its principal place of business in North Carolina.

3. Jurisdiction is founded on 28 U.S.C. § 1332(a)(1), which grants this Court jurisdiction in civil actions on the basis of diversity of citizenship where the matter in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

4. The parties are diverse, because VICKERY is a resident citizen of Virginia, and REMINGTON is a Delaware Corporation.

5. VICKERY alleges that the amount in controversy exceeds $75,000.

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a)(2), which says that venue is appropriate in a jurisdiction "in which a substantial part of the events or omissions giving rise to the claim occurred."

7. The incident giving rise to this complaint occurred in Lamar County, Alabama, which sits in the Northern District of Alabama, Western Division.

## FACTS

8. On the morning of January 19, 2011, VICKERY went hunting.

9. On this day, VICKERY took his Browning A-bolt .270 caliber rifle ("Browning rifle") with him.

10. VICKERY noticed that the gun may not have been sighted in properly after discharging the Browning rifle several times.

11. That same day, VICKERY went to Wal-mart to purchase additional ammunition for the Browning rifle, so that he could shoot targets in an effort to properly align the sight on the Browning rifle.

12. VICKERY purchased a box of REMINGTON cartridges for the Browning rifle from Wal-mart and on information and belief, the cartridges are identified as follows: "Remington Core-Lokt 270 caliber 130 grain, Lot # PSPR270W2".

13. Sometime in the afternoon of that same day, VICKERY headed back to the same field where he was hunting earlier to shoot targets and adjust the sights on the Browning rifle.

14. Upon information and belief, VICKERY loaded the Browning rifle with the additional REMINGTON cartridges that he purchased at Wal-mart.

15. While VICKERY was shooting targets, the bolt of the Browning rifle exploded and the magazine holding the REMINGTON cartridges blew apart.

16. As a result of the explosion, VICKERY sustained the following injuries:

   a. a fracture to his right hand;

   b. several lacerations to his hands;

   c. a facial laceration approximately two to two and a half inches long from his right eye to his nose;

   d. bruises and contusions;

   e. physical pain;

   f. mental anguish and emotional distress, including fright, nervousness, grief, anxiety, worry, humiliation, shock, embarrassment, apprehension, and ordeal;

   g. permanent physical injury/disfigurement;

   h. costs of medical care and prescription medication;

   i. out-of-pocket costs, including insurance co-payments and the costs for in-patient rehabilitation;

   j. loss of enjoyment of life; and

   k. permanent loss of feeling in his face

## COUNT I:

**Violation of Alabama's Extended Manufacturer's Liability Doctrine**

17. Plaintiff adopts and incorporates by reference all of the foregoing paragraphs, as if they were fully set forth here.

18. Since 1934, REMINGTON has been in the business of designing, manufacturing, assembling, marketing, distributing, and/or selling ammunition like the rifle cartridges involved in the incident made the basis of this lawsuit.

19. REMINGTON designed, manufactured, assembled, marketed, distributed, and/or sold the rifle cartridges involved in the incident made the basis of this lawsuit.

20. When VICKERY was injured, the ammunition was in substantially the same condition as when it was designed, manufactured, marketed, distributed, assembled, and/or sold by REMINGTON.

21. When VICKERY was using the ammunition, VICKERY did so in a foreseeable manner.

22. The ammunition was not reasonably safe when VICKERY used it in a foreseeable manner, but, to the contrary, was defective and unreasonably dangerous to the human body because (a) the ammunition cartridge had too much gun powder in it; or (b) the ammunition cartridge had too little gun powder in it; and/or (c) the gun powder was clumped together in one end of the ammunition's casing and when ignited caused a type of explosion that was not intended and that resulted in an exploding bolt and Browing rifle.

23. REMINGTON knew, or in the exercise of reasonable care, should have known that the product was unreasonably dangerous.

24. REMINGTON's wrongful conduct proximately caused VICKERY's injuries.

25. WHEREFORE, on the basis of the foregoing, the VICKERY requests that the jury selected to hear this case render a verdict for him and against REMINGTON for all damages specified here, including punitive damages, and in an amount that will adequately reflect the wrongfulness of REMINGTON's conduct. Further, VICKERY requests that the Court enter judgment consistent with the jury's verdict and that it also award to him interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT II:

### Negligence/Wantonness

26. Plaintiff adopts and incorporates the foregoing paragraphs, as if they were fully set forth here.

27. REMINGTON had a duty to use reasonable care, and it breached this duty.

28. REMINGTON negligently or wantonly designed, manufactured, marketed, distributed, sold, and/or assembled the ammunition cartridges.

29. REMINGTON negligently or wantonly failed to warn of certain dangers, including but not limited to the unreasonable risks that injuries could occur from an unintended explosion, due to the above-described circumstances.

30. REMINGTON's wrongful conduct proximately caused VICKERY's injuries.

31. WHEREFORE, on the basis of the foregoing, the VICKERY requests that the jury selected to hear this case render a verdict for him and against REMINGTON for all damages specified here, including punitive damages, and in an amount that will adequately reflect the wrongfulness of REMINGTON's conduct. Further, VICKERY requests that the Court enter judgment consistent with the jury's verdict and that it also award to him interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT III:

### Breach of Warranty

32. Plaintiff adopts and incorporates the foregoing paragraphs, as if they were fully set forth here.

33. REMINGTON expressly and/or impliedly warranted that the ammunition cartridge was reasonably fit and suitable for the purposes for which it was intended to be used.

34. REMINGTON breached these express and/or implied warranties because the ammunition cartridge was not reasonably fit and suitable for the purposes for which it was intended to be used but, to the contrary, was in a dangerously defective and unsafe condition.

35. REMINGTON's breaches proximately caused VICKERY's injuries.

36. WHEREFORE, on the basis of the foregoing, the VICKERY requests that the jury selected to hear this case render a verdict for him and against REMINGTON for all damages specified here, including punitive damages, and in an amount that will adequately reflect the wrongfulness of REMINGTON's conduct. Further, VICKERY requests that the Court enter judgment consistent with the jury's verdict and that it also award to him interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## JURY DEMAND

Plaintiff demands a struck jury for the trial of this case.

Respectfully submitted,

/s/ Jeffrey C. Kirby
Jeffrey C. Kirby (ASB-7574-I66J)
William T. ("Bo") Johnson, III (ASB-2310-M69J)

OF COUNSEL:
KIRBY JOHNSON, P.C.
One Independence Plaza Drive, Suite 520
Birmingham, Alabama 35209
(205) 458-3553 [Telephone]
(205) 458-3589 [Facsimile]
jkirby@kirbyjohnsonlaw.com
bjohnson@kirbyjohnsonlaw.com

PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:

Remington Arms Company, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104